**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Jay V. Willard, ) | C/A NO.: 3:18-01107-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF REMOVAL** |
| ) | |
| Nationwide Agribusiness Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

PLEASE TAKE NOTICE THAT Defendant Nationwide Agribusiness Insurance Company (hereinafter "Nationwide"), by and through undersigned counsel, hereby removes this case from the Court of Common Pleas for Sumter County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Nationwide Agribusiness Insurance Company states as follows:

**REMOVAL IS TIMELY**

1. On March 22, 2018, Plaintiff Jay V. Willard filed a Complaint in the Court of Common Pleas for Sumter County, South Carolina, captioned *Jay V. Willard v. Nationwide Agribusiness Insurance Company, Case No.: 2018-CP-43-00493*.

2. On March 26, 2018, the South Carolina Department of Insurance accepted service of the Summons and Complaint, on behalf of Nationwide, alleging breach of contract, refusal to pay, and civil conspiracy in connection with the loss of a cotton picker (farm equipment) caused by a fire. March 26, 2018 is the first notice, through service or otherwise, that Nationwide had of the Summons and Complaint. Nationwide received the Notice of Removal on March 28, 2018.

3.  As such, this Notice of Removal is timely filed within thirty (30) days of the Summons and Complaint being served on Nationwide, pursuant to 28 U.S.C. § 1446(b).

4.  True and correct copies of the Summons and Complaint, together with all other process, pleadings, and orders are attached hereto as *Exhibit "A"*. These documents constitute all "process, pleadings, and orders" served upon Defendant in the State Court Action as required by 28 U.S.C. § 1446(a).

## JURISDICTION

5.  This Court has original jurisdiction over this action, based on complete diversity under 28 U.S.C. § 1332[1], and the case is one that may be removed to this Court pursuant to 28 U.S.C § 1441(a)[2].

6.  In his Complaint, Plaintiff claims to be a citizen of Sumter County, South Carolina.

7.  Nationwide is an affiliated company of Nationwide Mutual Insurance Company, which is organized and existing under the laws of Ohio with its principal place of business in Franklin County, Columbus, Ohio. *See* 28 U.S.C. § 1332(c)(stating that a corporation shall be deemed to be a citizen of every State in which it is incorporated or where it has its principal place of business). Nationwide is not incorporated in South Carolina and does not have its principal place of business in South Carolina.

8.  Accordingly, complete diversity of citizenship exists between the Plaintiff and Defendant in this action.

---

[1] "The district court may assert subject matter jurisdiction under 28 U.S.C. § 1332 in removed cases only if complete diversity of citizenship between the parties on either side of the dispute existed both at the time the suit was commenced in state court, and at the time of removal." Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). Complete diversity requires that in any action removed to federal court, "no party share[] common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a).

9.   Further, the amount in controversy of the State Court Action exceeds the jurisdictional sum required by this Court ($75,000.00), exclusive of interest and costs, as required by 28 U.S.C. § 1332(a)(1).

10.   A "determination of the amount in controversy is made at the time of removal by reference to the plaintiff's complaint." *Ecker v. Liberty Mut. Ins. Co.*, No. CV 8:15-04040-MGL, 2015 WL 7568617, at *6 (D.S.C. Nov. 24, 2015) (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted).

11.   Here, the Plaintiff does not plead a specific amount of damages in the Complaint; however, Plaintiff's promissory note for the Cotton Picker equaled $83,969.84. (Compl. ¶ 9.) Further, Plaintiff seeks actual and punitive damages against Nationwide for refusal to pay for the loss and civil conspiracy. *Id.* at Prayer for Relief. It is well-settled that claims for punitive damages are to be included in analyzing whether the amount in controversy requirement is met. *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943); *see Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) ("Since *Bell*, courts have continued to include claims for punitive damages when assessing whether or not the amount in controversy is satisfied for purposes of establishing diversity jurisdiction.); *American Health and Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding claims for punitive damages "must be included in the amount in controversy.").

12.   Further, the United States Supreme Court recently acknowledged that "[w]hen the Plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). The Supreme Court made clear that "a defendant's notice of

removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

13.     Based on the value of the property at issue of $83,969.84, and the request for actual and punitive damages, Nationwide avers that the amount in controversy clearly exceeds $75,000.  *See Thompson v. Victoria Fire & Cas. Ins. Co.,* 32 F.Supp.2d 847 (D.S.C.1999) (holding there was no dispute that the amount in controversy exceeded $75,000.00 where complaint sought punitive damages, consequential damages, attorneys' fees, and costs beyond the $25,000.00 in actual damages claimed).

14.     Accordingly, this Court has original jurisdiction based on complete diversity and venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

15.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers.  Pursuant to 28 U.S.C. § 1446(d), the same will be filed with the Court of Common Pleas for Sumter County, South Carolina. A copy of the Notice of Filing Notice of Removal is attached with the State Court documents as *Exhibit "A"*.

16.     Nationwide submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

WHEREFORE, Defendant Nationwide Agribusiness Insurance Company respectfully prays that the above-captioned action now pending against it proceed in this Court as an action properly removed.

Respectfully submitted, this the 23rd day of April, 2018.

          WOMBLE BOND DICKINSON (US) LLP

          **S/** *Greg Horton*

          _____
          Greg Horton (Fed. Bar # 7103)
          Greg.Horton@wbd-us.com
          R. Andrew Walden (Fed. Bar # 11845)
          Andrew.Walden@wbd-us.com
          P.O. Box 999
          [5 Exchange Street, 29401 2530]
          Charleston, South Carolina 29402-0999
          Ph.: (843) 722-3400; Fax.: 723-7398

Charleston, South Carolina            *Attorneys for Defendant Nationwide Agribusiness*
<u>April 23, 2018</u>            *Insurance Company*