ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER ) | DOCKET NO. 2018-CP-43-_____ |
| ) | |
| Jay V. Willard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | SUMMONS |
| v. ) | (Breach of Contract –Jury Trial Demanded) |
| ) | |
| Nationwide Agribusiness Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**EXHIBIT A**

**TO THE DEFENDANT(S) ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers, The Law Offices of William H. Johnson, LLC, at their offices, Post Office Box 137, Manning, South Carolina, within thirty (30) days after the service hereof, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) will apply to the Court for a judgment by default against you for the relief demanded in the Complaint.

                                          LAW OFFICES OF WILLIAM H. JOHNSON, LLC

                                          By:    s/William H. Johnson
                                                     William H. Johnson, S. C. Bar No. 15167
                                                     PO Box 137 – 411 N. Brooks St.
                                                     Manning, South Carolina 29102
                                                     Telephone: (803) 435-0909
                                                     Facsimile: (803) 435-2858
                                                     william@whjohnsonlaw.com
                                                   *Attorneys for the Plaintiff*

March 22, 2018

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER ) | DOCKET NO. 2018-CP-43-_____ |
| ) | |
| Jay V. Willard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | (Breach of Contract –Jury Trial Demanded) |
| ) | |
| Nationwide Agribusiness Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

1. The Plaintiff is a citizen and resident of Sumter County, South Carolina.

2. The Defendant, upon information and belief, is an insurance company, licensed to do business and doing business in the State of South Carolina.

3. The Plaintiff is a farmer, with his principal place of business and operations located in Sumter County, South Carolina.

4. This is an action on an insurance policy issued by the Defendant, which policy was issued in Sumter County, and the loss upon which this action is based occurred in Sumter County. Accordingly, this Court has jurisdiction over the parties and subject matter herein, and venue is proper.

5. For a substantial period of time prior to March 2012, the Plaintiff maintained a policy of insurance issued by the Defendant on his farm equipment, paying his premiums when due.

6. On or around February 7, 2012, the Plaintiff agreed to purchase a John Deere 9976 Cotton Picker. A copy of the Customer Purchase Order for the Picker is attached as Exhibit 1.

7. On or around March 16, 2012, the Plaintiff took delivery of the Picker.

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

8. On or around March 16, 2012, the Plaintiff notified his insurance agent of his purchase of the Picker, and requested that the Picker be added to the list of equipment insured by the policy issued by the Defendant.

9. On or around March 27, 2012, the Plaintiff secured financing for the purchase by executing in favor of Arbor One, ACA, his Promissory Note in the amount of Eighty-three Thousand Nine Hundred Sixty-nine and 84/100ths ($83,969.84) Dollars.

10. Also on March 27, 2012, Arbor One, ACA issued its check jointly payable to John Deere and the Plaintiff in the amount of Seventy-nine Thousand Two Hundred Fifty and 00/100ths ($79,250.00) Dollars representing payment in full for the Picker.

11. Upon the purchase of the Picker by the Plaintiff, the Picker became subject to a Security Agreement previously signed by the Plaintiff in favor of Arbor One, ACA, which Agreement provided Arbor One, ACA with a security interest in the Picker, which interest was a first lien, with priority over any other liens. The security interest was perfected by the filing of a UCC Financing Statement with the South Carolina Secretary of State. A copy of the financing statement is attached as Exhibit 2.

12. Between the dates of March 16, 2012, and the date of the filing of this Complaint, the Plaintiff has paid to the Defendant a premium to maintain insurance coverage on the Picker, which coverage is intended to reimburse the Plaintiff for the loss of the Picker in the event of loss by fire or theft.

13. On a date close in proximity to the first (1st) day of November, 2017, the Plaintiff discussed with a third (3rd) party the possibility of a sale of the Picker to the third (3rd) party, whose name the Plaintiff knew as Jimmy Lowery ("Lowery").

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

14. Prior to agreeing to purchase the Picker, Lowery requested permission to remove the Picker from the Plaintiff's storage facility in order to clean and inspect the Picker.

15. The Plaintiff granted permission to Lowery to remove the Picker from the Plaintiff's property, but did not grant permission to Lowery to use the Picker to pick cotton. The Plaintiff emphatically stated to Lowery, "I need a check before the Cotton Picker goes to the field."

16. On a date unknown to the Plaintiff, and completely without the Plaintiff's authorization, Lowery contacted an agent for the Defendant and requested insurance coverage on the Picker through a policy issued to Lowery.

17. Without any documentation of ownership of the Picker, the Defendant placed insurance coverage on the Picker through a policy naming Lowery as the owner.

18. On November 6, 2017, the Picker was destroyed by fire while in use by Lowery.

19. On a date unknown to the Plaintiff, Lowery submitted a claim to the Defendant seeking payment for loss of the Picker.

20. The Defendant paid Lowery pursuant to the terms of the policy issued by the Defendant.

21. Upon learning of the loss of his Picker, the Plaintiff submitted a claim to the Defendant for the loss of the Picker.

22. The Defendant denied the Plaintiff's claim.

23. The Plaintiff retained counsel, who submitted additional information to the Defendant, clearly establishing the Plaintiff's entitlement to recovery pursuant to the policy issued by the Defendant.

24. The Defendant has failed and refused to pay the Defendant's claim.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

25.     Each and every allegation above is realleged and incorporated as if fully restated herein verbatim.

26.     The policy issued by the Defendant constitutes a valid and binding contract between the parties.

27.     The loss of the Picker by the Plaintiff constituted a loss which was covered by the policy, and therefore entitled the Plaintiff to payment from the Defendant for the value of the Picker.

28.     By failing to pay the Plaintiff for his loss, the Defendant has breached the contract between the Plaintiff and Defendant.

29.     The Plaintiff is entitled to actual and consequential damages as a result of the Defendant's breach of contract, in an amount to be determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (Bad Faith Refusal to Pay)

30.     Each and every allegation above is realleged and incorporated as if fully restated herein verbatim.

31.     The Defendant owed Plaintiff a duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair Plaintiff's rights to receive benefits under the insurance contract.

32.     That Defendant, through its agents, servants, and/or employees, knowing that Plaintiff's claim is wholly valid and should be paid, have wrongfully and in breach of the implied covenant of good faith and fair dealing, withheld and denied the benefits due to Plaintiff.  In

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

denying their claim for benefits, Defendant has acted wrongfully, unreasonably and in bad faith in the following respects, among others:

    a.    Defendant failed and refused to make an adequate investigation before withholding benefits under the insurance policy.

    b.    Defendant refused and continued to refuse to give reasonable interpretations to the provisions in the policy of insurance, or any reasonable application of such provisions to Plaintiff's claim and has acted to protect its own financial interest therein at the expense of Plaintiff's rights.

    c.    Defendant has failed to provide Plaintiff with any reasonable or justifiable basis for denying Plaintiff's claim in relation to the insurance policy, the facts or applicable law.

    d.    Defendant paid Lowery for the Picker when the Defendant knew or should have known that the Picker was insured by the Defendant under the Plaintiff's policy;

    e.    Knowing that the Picker originally belonged to the Plaintiff, the Defendant paid Lowery without requiring evidence of transfer of the Picker to Lowery;

    f.    Defendant has refused to pay the Plaintiff based upon its mistaken decision to pay Lowery, when the Defendant's relationship with Lowery has no relevance to the Defendant's duties to the Plaintiff.

33.    Defendant's refusal to pay benefits due compelled Plaintiff to engage legal counsel to initiate litigation to recover such benefits.

34.    That as a direct and proximate result of the conduct of Defendant, the Plaintiff has sustained substantial compensable losses including withheld benefits, certain consequential damages, attorney's fees and costs.

35. That Defendant's actions were willful, wanton and/or in reckless disregard for Plaintiff's rights and Plaintiff is informed and believes that he is entitled to punitive damages against the Defendant.

36. That Plaintiff is informed and believes that he is entitled to judgment against the Defendant, for actual and punitive damages, and for attorney's fees and costs, as the jury may determine.

## FOR A THIRD CAUSE OF ACTION
## Civil Conspiracy

37. Each and every allegation above is realleged and incorporated as if fully restated herein verbatim.

38. Upon receiving the claim from the Plaintiff, the Defendant discussed the Plaintiff's claim with Lowery, for the sole purpose of obtaining support to deny the Plaintiff's claim.

39. The actions of the Defendant, specifically in collecting unreliable information from Lowery constitute an unlawful combination of two (2) or more persons to damage the Plaintiff, specifically to deprive the Plaintiff of the benefits of the insurance policy for which he paid.

40. The Plaintiff is entitled to damages from the Defendant resulting from the civil conspiracy of the Defendant, in an amount to be determined by a jury.

WHEREFORE, having fully stated his Complaint against the Defendant, the Plaintiff prays that the Court inquire into the matters alleged herein and issue its Order:

1. On the First Cause of Action, for damages resulting from the Defendant's breach of contract in an amount to be determined by a jury;

2. On the Second Cause of Action, for actual and punitive damages, and attorney's fees incurred, resulting from the Defendant's bad faith refusal to pay benefits, in an amount to be determined by a jury;

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

3. On the Third Cause of Action, for actual and punitive damages resulting from the Defendant's civil conspiracy, in an amount to be determined by a jury; and

4. For such other and further relief as the Court may deem just and proper.

                                                LAW OFFICES OF WILLIAM H. JOHNSON, LLC

                                        By:    s/William H. Johnson
                                                     William H. Johnson, S. C. Bar No. 15167
                                                     PO Box 137 – 411 N. Brooks St.
                                                     Manning, South Carolina 29102
                                                     Telephone: (803) 435-0909
                                                     Facsimile: (803) 435-2858
                                                     william@whjohnsonlaw.com
                                                     *Attorneys for the Plaintiff*

March 22, 2018

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

# EXHIBIT 1

## Customer Purchase Order

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

N439

# JOHN DEERE

**Customer Purchase Order**
For John Deere Products (U.S. Only)

PO# 01467567
PO Revision# Original

| CUSTOMER'S NAME - First Signer (First, Middle Initial, Last) | DATE OF ORDER | COMPANY UNIT | DEALER ACCOUNT NO. |
|---|---|---|---|
| JAY V WILLARD | Feb 07, 2012 | 01 | 010900 |

(SECOND LINE OF OWNER NAME)    DEALER ORDER NO.

STREET OR RR
1060 S BRICK CHURCH RD

| TOWN | STATE | ZIP CODE | SOC.SEC. | IRS NO. | EIN.NO. |
|---|---|---|---|---|---|
| GABLE | SC | 29051 | | | |

| USE COUNTY | PURCHASER ACCT. | PHONE NO. |
|---|---|---|
| Sumter | | 803-495-8804 |

TRANSACTION TYPE
**Cash Sale**

SELLER'S NAME & ADDRESS
BLANCHARD EQUIPMENT CO., INC
2627 Colonel Thomson Hwy
ST MATTHEWS, SC, 29135

PURCHASER SALES TAX EXEMPT

E-MAIL ADDRESS

CUSTOMER'S NAME - Second Signer

STREET OR RR

TOWN    STATE    ZIP CODE

I (We), the undersigned, hereby order from you the Product described below, to be delivered as shown below. This order is subject to your ability to obtain such Product from the manufacturer and you shall be under no liability if delivery of the Product is delayed or prevented due to labor disturbances, transportation difficulties, or for any reason beyond your control. The price shown below is subject to your receipt of the Product prior to any change in price by the manufacturer. It is also subject to any new or increased taxes imposed upon the sale of the Product after the date of this order.

Customer's Signature _____    Date Accepted _____

± **NOTICE:** Products may be equipped with telematics hardware and software ("Telematics") that transmit data to John Deere/Dealer. Purchaser may deactivate Telematics at www.jdlink.com.

| QTY | NEW | DEMO | RENTAL | USED | PRODUCT (Give Model, Size & Description) | Hours of Use | PRODUCT IDENTIFICATION NUMBER | DELIVERED CASH PRICE (Or Total Lease Payments) |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | X | JOHN DEERE 9976 COTTON PICKER | 0 | n09976x009174 | $ 79,000 00 |

I (We) offer to sell, transfer, and convey the following item(s) at or prior to the time of delivery of the above Product, as a "trade-in" to be applied against the cash price. Such item(s) shall be free and clear of all security agreements, liens, and encumbrances at the time of transfer to you. The following is a description and the price to be allowed for each item.

TOTAL CASH PRICE    $ 79,000 00

| QTY | DESCRIPTION OF TRADE-IN | Hours of Use | PRODUCT IDENTIFICATION NUMBER | AMOUNT |
|---|---|---|---|---|
| | | | TOTAL TRADE-IN ALLOWANCE | $ 0 00 |

| PURCHASER TYPE | MARKET USE |
|---|---|
| 9  Farm | 15  Row Crop/Small Grain |

**COMMENTS:**

| | |
|---|---|
| 1. TOTAL CASH-PRICE | $ 79,000 00 |
| 2. TOTAL TRADE-IN ALLOWANCE | $ 0 00 |
| 3. TOTAL TRADE-IN PAY-OFF | $ 0 00 |
| 4. BALANCE | $ 79,000 00 |
| 5. | |
| 6. | |
| 7. | |
| 8. SUB-TOTAL | $ 79,000 00 |
| 9. CASH WITH ORDER | $ 0 00 |
| 10. RENTAL APPLIED | $ 0 00 |
| 11. CASH DISCOUNT | $ 0 00 |
| 12. BALANCE DUE | $ 79,000 00 |

**IMPORTANT WARRANTY NOTICE:** The John Deere warranty applicable to new John Deere product(s) is printed as an attachment to this document. There is no warranty on used products. The new product warranty is part of this contract. Please read it carefully. YOUR RIGHTS AND REMEDIES PERTAINING TO THIS PURCHASE ARE LIMITED AS SET FORTH IN THE WARRANTY AND THIS CONTRACT. IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS ARE NOT MADE AND ARE EXCLUDED UNLESS SPECIFICALLY PROVIDED IN THE JOHN DEERE WARRANTY.

± Notwithstanding Purchaser's right, title or interest in the Products, Purchaser agrees that John Deere and Dealer (their affiliates, successors and assigns), without further notice to Purchaser have the right to: (i) access, use, collect and disclose any data generated by, collected by, or stored in, Products or any hardware or devices interfacing with Products ("Machine Data"); (ii) access Machine Data directly through data reporting devices integrated within, or attached to, Products, including Telematics ("Data Reporting Systems"); (iii) update the Data Reporting Systems software from time to time. Machine Data will only be used in accordance with John Deere's Machine Data Policy, located at www.JohnDeere.com/MachineDataPolicy. Machine Data may be transferred out of the country where it is generated, including to the U.S.A.

**DISCLOSURE OF REGULATION APPLICABILITY:** When operated in California, any off-road diesel vehicle may be subject to the California Air Resources Board. In-Use Off-Road Diesel Vehicle Regulation. It therefore could be subject to retrofit or accelerated turnover requirements to reduce emissions of air pollutants.

**ACKNOWLEDGEMENTS** - I (We) promise to pay the balance due (line 12) shown above in cash, or to execute a Time Sale Agreement (Retail Installment Contract), or a Loan Agreement, for the purchase price of the Product, plus additional charges shown thereon or execute a Lease Agreement, on or before delivery of the Product ordered herein. Despite physical delivery of the Product, title shall remain in the seller until one of the foregoing is accomplished.

| Customer's Signature | Accepted By | | |
|---|---|---|---|
| Customer's Signature | Date Accepted | Salesperson | WAY, LEWIS |
| DELIVERY ACKNOWLEDGEMENT: | DELIVERED ON: Feb 28, 2013 | WARRANTY BEGINS: | SIGNATURE: (DEALER) |

Page 1 of 3

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

## WARRANTY FOR NEW JOHN DEERE AGRICULTURAL PRODUCTS AND LIMITED WARRANTY FOR NEW TURF & UTILITY EQUIPMENT (US & CANADA ONLY)

**A. GENERAL PROVISIONS** – With respect to purchasers in the United States, "John Deere" means Deere & Company, 1 John Deere Place, Moline, IL 61265, and with respect to purchasers in Canada, "John Deere" means John Deere Limited, 295 Hunter Road, P. O. Box 1000, Grimsby, Ontario L3M 4H5. The warranties described below are provided by John Deere to the original purchasers of new Agricultural, Turf and Utility Equipment ("Equipment") purchased from John Deere or authorized John Deere dealers (the "selling Dealer"). These warranties apply only to Equipment intended for sale in Canada and the US. Under these warranties, John Deere will repair or replace, at its option, any part covered under these warranties which is found to be defective in material or workmanship during the applicable warranty term. Warranty service must be performed by a dealer or service center located in Canada or the US, and authorized by John Deere to sell and/or service the type of Equipment involved (the "authorized dealer"). The authorized dealer will use only new or remanufactured parts or components furnished or approved by John Deere. Warranty service will be performed without charge to the purchaser for parts and/or labor. However, the purchaser will be responsible for any service call and/or transportation of Equipment to and from the authorized dealer's place of business (except where prohibited by law), for any premium charged for overtime labor requested by the purchaser and for any service and/or maintenance not directly related to any defect covered under these warranties. These warranties are transferable, provided an authorized John Deere dealer is notified of the ownership change, and John Deere approves the warranty transfer.

**B. WHAT IS WARRANTED** – Subject to paragraph C, all parts of any new Equipment are warranted for the number of months or operating hours specified below. Each warranty term begins on the date of delivery of the Equipment to the original purchaser, (except for certain agricultural tillage, planting, cultivating, and harvesting products which may have a delayed warranty start date, but only if established by John Deere and noted by the selling dealer on the Purchase Order). Included In Compact Utility Tractor Powertrain Warranty - Engine: cylinder block, cylinder head, valve covers, oil pan, timing gear covers, flywheel housing, and all parts contained therein (does not include fuel, electrical, cooling, intake or exhaust components). Powertrain: hydrostatic transmission, transmission case, differential and axle housings, clutch housings, MFWD front axle assembly, and all parts contained therein (does not include external drivelines, dry clutch parts, or steering cylinders).

| AGRICULTURAL EQUIPMENT | WARRANTY TERM |
|---|---|
| Tractors | 24 Months or 2,000 Hours, Whichever Comes First |
| Tractors used in Earthmoving Applications (except those specific models and configurations approved by John Deere as having a two year warranty in scraper applications) | 90 Days |
| Scrapers | 6 Months |
| Frontier Equipment™ CR14, LL13, LL14, and DH44 Series | 6 months in Agricultural or Residential-Personal Use, 90 Days in Any other Application |
| Other Frontier Equioment™ | 12 months in Agricultural or Residential-Personal Use, 90 Days in Any other Application |
| All other Equipment (includes Ag Management Solutions (AMS) products) | 12 Months |
| Engines in Self-Propelled Equipment except Tractors* | 24 Months or 2000 Hours, Whichever Comes First |

*Engine Items Covered months 13 through 24 - Engine block, cylinder head, rocker arm cover, timing gear cover, crankcase pan and all parts enclosed within these units. Also included are the fuel injection pump, turbocharger, water pump, torsion damper, manifolds, and engine oil cooler. All other engine related items are not covered In months 13 through 24.

SWEEPS, SHOVELS, PLOW SHARES AND DISK BLADES: A replacement part will be furnished without charge if breakage occurs and the amount of wear is less than the wear limits established by John Deere.

| TURF & UTILITY EQUIPMENT | WARRANTY TERM |
|---|---|
| 1) All Turf & Utility Equipment and Attachments (except for (i) Equipment listed in 2 through 11 below; and, (ii) John Deere Golf equipment covered under separate warranty). | 24 Months in Private Residential - Personal Use<br>12 Months in Any Other Application |
| 2) Z225, Z245 and Z425 EZtrak Mowers, 100, L100, LA100, G100 and D100 Series Tractors and Attachments | 24 Months or 120 Hours, Whichever Comes First |
| 3) Z500 Series ZTrak Mowers and Attachments. | 24 Months or 300 Hours, Whichever Comes First |
| 4) X300 Series Tractors and Attachments; Z445 and Z465 EZtrak Mowers | 48 Months or 300 Hours, Whichever Comes First |
| 5) X500 Series Tractors and Attachments; Z600 Series Residential EZtrak Mowers | 48 Months or 500 Hours, Whichever Comes First |
| 6) X700 Series Tractors and Attachment. | 48 Months or 700 Hours, Whichever Comes First |
| 7) JS Series Residential Walk-Behind Mowers | 24 Months in Private Residential - Personal Use<br>90 Days in Any Other Application |
| 8) Wide Area Mowers, Front Mower Traction Units (with diesel or 20 HP and above engines), Commercial Z-TRAK Mowers (except Z500 and Z700 Series), Commercial Walk Behind Mowers (32" or larger), and 7-IRON Mower Decks | 24 Months |
| 9) Z700 Series ZTrak Mowers | 24 Months or 700 Hours, Whichever Comes First |
| 10) Compact Utility Tractors | 24 Months or 2000 Hours, Whichever Comes First |
| a) Powertrain on Compact Utility Tractors (components as per B above) | 36 Months or 2000 Hours, Whichever Comes First |
| 11) Gator Utility Vehicles (except Compact Series), Tractor Loader Backhoes (TLB), other mower decks, implements, and attachments for Equipment listed in 8, through 11 | 12 Months or 1000 Hours, Whichever Comes First |

**C. (I) ITEMS COVERED SEPARATELY** – (1) Tires and batteries are warranted under separate warranty documents provided with each product; (2) Non-John Deere engines in self-propelled Forage Harvesters, other than model 7950, are warranted separately by their respective manufacturer; (3) John Deere is not responsible for Yanmar fuel injection pumps and nozzles during the original manufacturer's warranty period. When the pump manufacturer's warranty is less than the engine warranty, John Deere will provide warranty during the remainder of the original engine warranty term; (4) John Deere Hand Held-Portable products are covered by a separate warranty; (5) When applicable, a separate emissions warranty statement will be provided by the selling Dealer. (6) John Deere Walk Behind Snowthrower equipment is warranted under a separate warranty. (7) Series 3500 and 5500 rubber tracks are warranted in agricultural use on a pro-rated basis based on wear and age for 48 months or 4000 hours and 24 months or 2000 hours in other applications.

**(II) WHAT IS NOT WARRANTED** – Pursuant to the terms of these warranties, JOHN DEERE IS NOT RESPONSIBLE FOR THE FOLLOWING: (1) Used Equipment; (2) Any Equipment that has been altered or modified in ways not approved by John Deere, including, but not limited to, setting injection pump fuel delivery above John Deere specifications and modifying combine grain tanks; (3) Depreciation or damage caused by nonnal wear, lack of reasonable and proper maintenance, failure to follow operating instructions/recommendations; misuse, lack of proper protection during storage, vandalism, the elements or collision or accident; (4) Normal maintenance parts and/or service, including but not limited to, oil, filters. coolants and conditioners, cutting parts, belts, brake and clutch linings.

**D. SECURING WARRANTY SERVICE** – To secure warranty service the purchaser must, (1) Report the Equipment defect to an authorized dealer and request warranty service within the applicable warranty term; (2) Present evidence of the warranty start date with valid proof of purchase; and (3) Make the Equipment available to the authorized dealer within a reasonable time.

Date

**E. NO IMPLIED WARRANTY, REPRESENTATION OR CONDITION** - To the extent permitted by law, neither John Deere nor any company affiliated with it makes any warranties, representations, conditions or promises express or implied as to the quality, performance or freedom from defect of the Equipment covered by these warranties other than those set forth above, AND NO IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY OR FITNESS ARE MADE. TO THE EXTENT LEGALLY REQUIRED, ANY IMPLIED WARRANTIES OR CONDITIONS SHALL BE LIMITED IN DURATION TO THE APPLICABLE PERIOD OF WARRANTY SET FORTH ON THIS PAGE. THE PURCHASER'S ONLY REMEDIES IN CONNECTION WITH THE BREACH OR PERFORMANCE OF ANY WARRANTY ON JOHN DEERE EQUIPMENT ARE THOSE SET FORTH ON THIS PAGE. IN NO EVENT WILL THE DEALER, JOHN DEERE OR ANY COMPANY AFFILIATED WITH JOHN DEERE BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES. (Note: Some jurisdictions do not allow limitations on how long an implied warranty lasts or the exclusion or limitation of incidental or consequential damages so the above limitations and exclusions may not apply to you.) In the event the above warranty fails to correct purchaser's performance problems caused by defects in workmanship and/or materials, purchaser's exclusive remedy shall be limited to payment by John Deere of actual damages in an amount not to exceed the amount paid for the product. This warranty gives you specific legal rights, and you may also have other rights which vary from jurisdiction to jurisdiction.

**F. NO DEALER WARRANTY** –THE DEALER HAS NO AUTHORITY TO MAKE ANY WARRANTY, REPRESENTATION, CONDITION OR PROMISE ON BEHALF OF    JOHN DEERE, OR TO MODIFY THE TERMS OR LIMITATIONS OF THIS WARRANTY IN ANY WAY.
G. If further information is desired, contact the selling Dealer or John Deere at 1-866-993-3373 (Agricultural) or 1-800-537-8233 (Turf & Utility Equipment).

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

# EXHIBIT 2

# UCC Financing Statement

ELECTRONICALLY FILED - 2018 Mar 22 11:05 AM - SUMTER - COMMON PLEAS - CASE#2018CP4300493

# UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Tonya Adams     8436621527

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

ArborOne ACA
800 Woody Jones Boulevard
Florence, SC 29501

SC SECRETARY OF STATE S
130412-0819375
Lapse Date: 04/12/2018
Date: 4/12/2013
Time: 8:19 AM
Page Count: 2 Pg
Debtor Count: 1
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Willard | Jay | V. | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1050 Brick Church Rd. | Gable | SC | 29051 | US |

| 1d. TAX ID# (Organizations) | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| DO NOT USE | | | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID# (Organizations) | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| DO NOT USE | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
ArborOne ACA

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 Woody Jones Boulevard | Florence | SC | 29501 | US |

**4. This FINANCING STATEMENT covers the following collateral:**
See attached Schedule A

See attachment.

**5. ALTERNATIVE DESIGNATION [if applicable]:** ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s)   NOT USED

**8. OPTIONAL FILER REFERENCE DATA**

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201     (03/01/2011)

## SCHEDULE A
## COLLATERAL DESCRIPTION

**Debtor:** Jay V Willard
**Secured Party:** ArborOne, ACA, for itself and as agent/nominee for its wholly-owned subsidiary, ArborOne, PCA and ArborOne, FLCA (f/k/a Pee Dee Farm Credit, ACA for itself and as agent/nominee for Pee Dee Farm Credit, PCA and Pee Dee Farm Credit, FLCA)

Debtor has granted to Secured Party security interests in the property indicated below, now owned or hereafter acquired, wherever located, which property shall be defined in accordance with the South Carolina Uniform Commercial Code revised and effective as of July 1, 2001 (the "Code") at section 36-9-102 and related provisions cited therein:

| | | |
|---|---|---|
| _x_ | 1. | Equipment; |
| ___ | 2. | Fixtures affixed or to be affixed to the real property described on Schedule B attached hereto and made a part hereof; |
| ___ | 3. | Inventory; |
| ___ | 4. | Farm Products; |
| ___ | 5. | Crops; |
| ___ | 6. | Livestock and its progeny; |
| ___ | 7. | Standing Timber to be Cut on the real property described on Schedule C attached hereto and made a part hereof; |
| ___ | 8. | As-Extracted Collateral from the real property described on Schedule D attached hereto and made a part hereof; |
| ___ | 9. | Manufactured Homes; |
| ___ | 10. | Instruments; |
| ___ | 11. | Promissory Notes; |
| ___ | 12. | Documents; |
| ___ | 13. | Tangible Chattel Paper; |
| ___ | 14. | Electronic Chattel Paper; |
| ___ | 15. | Accounts; |
| ___ | 16. | General Intangibles; |
| ___ | 17. | Payment Intangibles; |
| ___ | 18. | Software; |
| ___ | 19. | Deposit Accounts; |
| ___ | 20. | Letter of Credit Rights; |
| ___ | 21. | Investment Property; |
| ___ | 22. | All of Debtor's rights in that certain claim against _____ for _____; |
| ___ | 23. | Supporting Obligations; |
| ___ | 24. | All rights to payment, now or hereafter owing, to the Debtor from entitlement programs of every kind, both federal and state; and |
| ___ | 25. | All Association Equity: All stock, participation certificates and allocated surplus credits, including rights thereto, now or hereafter issued by Security Party. |

As well as any and all products or proceeds of any of the above, in any form, including, without limitation, insurance proceeds.



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director



March 26, 2018

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000

Dear Sir:

On March 26, 2018, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 169864, <u>Jay V. Willard v. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY</u>, 2018-CP-43-00493.

By:

*[signature]*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:   William H. Johnson
      Post Office Box 137
      Manning, SC    29102

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER ) | CASE No.: 2018-CP-43-00493 |
| Jay V. Willard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S** |
| ) | **NOTICE OF FILING** |
| Nationwide Agribusiness Insurance Company, ) | **NOTICE OF REMOVAL** |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO: The Honorable James C Campbell
Sumter County Clerk of Court, 215 N. Harvin Street
Sumter, SC 29150

PLEASE TAKE NOTICE that the Defendant Nationwide Agribusiness Insurance Company have this day filed in the United States District Court for the District of South Carolina, Columbia Division, the attached Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), the above-styled action is now removed and all further proceedings in the Court of Common Pleas, Sumter County, State of South Carolina, are stayed.

Respectfully submitted this 23rd day of April, 2018.

WOMBLE BOND DICKINSON (US) LLP

S/ *Greg Horton*

_____
Greg Horton, Esquire (S.C. Bar No. 11343)
Greg.Horton@wbd-us.com
R. Andrew Walden, Esquire (S.C. Bar No. 101004)
Andrew.Walden@wbd-us.com
5 Exchange Street, Charleston, SC 29401
Post Office Box 999, Charleston, SC 29402
Ph.: (843) 722-3400; Fax.: 723-7398

Charleston, South Carolina          *Attorneys for Defendant Nationwide Agribusiness*
April 23, 2018                                *Insurance Company*

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF SUMTER ) <br> Jay V. Willard, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Nationwide Agribusiness Insurance Company, ) <br> ) <br> Defendant. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | IN THE COURT OF COMMON PLEAS <br> FOR THE THIRD JUDICIAL CIRCUIT <br> CASE No.: 2018-CP-43-00493 <br><br> **CERTIFICATE OF SERVICE** <br> DEFENDANT'S <br> NOTICE OF FILING <br> NOTICE OF REMOVAL |

I do hereby certify, that on April 23, 2018, pursuant to Rule 5(b)(1), SCRCP, I served a true and correct copy of the above-captioned to counsel for Plaintiffs, via electronic mail and by depositing it in the U.S. Mail, in an envelope with sufficient postage prepaid and affixed.

William H. Johnson, Esquire
S. C. Bar No. 15167
LAW OFFICES OF WILLIAM H. JOHNSON, LLC
william@whjohnsonlaw.com
PO Box 137 – 411 N. Brooks Street
Manning, South Carolina 29102
Ph.: (803) 435-0909; Fax.: 435-2858

*Attorneys for the Plaintiff*

                                                                     WOMBLE BOND DICKINSON (US) LLP

                                                                      _____
                                                                      Joseph R. David, Paralegal